### Herbert W. CUMBEA

v.

### LOCAL 400, ALUMINUM WORKERS' INTERNATIONAL UNION, et al.

#### Civ. A. No. 78–0640–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 19, 1978.

Robert P. Geary, Richmond, Va., for plaintiff.

Harrison Hubard, Jr., William S. Francis, Jr., Richmond, Va., Mose Lewis, III, Washington, D. C., for defendants.

## MEMORANDUM

WARRINER, District Judge.

On 13 June 1978 plaintiff filed this complaint seeking the right to examine the financial records of his union as authorized by 29 U.S.C. § 431(c). The statute provides that the labor union must make available to its membership the information required to be contained in its annual report to the Secretary of Labor. Further, the statute imposes a duty upon a union and its officers to permit any member to examine any books, records and accounts necessary to verify such report if the member has just cause. This duty is enforceable under the terms of the statute in a United States District Court.

By appropriate discovery processes, requests for admissions and interrogatories, to none of which defendants made response, plaintiff established that he made a demand for the information and that, if exhaustion of internal remedies be required, that he took appropriate steps to seek exhaustion. With respect to just cause, plaintiff established that despite regular dues increases a reserve fund denominated a "strike fund" recently had been transferred from reserve into the general fund of the union. This admitted fact put plaintiff on inquiry as to why the transfer of a reserve fund to the general fund had become necessary. Defendants' explanation in this action is that the law required that the money set aside for a strike fund be carried under the general fund. Whether or not plaintiff was so advised prior to suit, it is clear that he was not satisfied with this explanation and desired to inquire further into the financial affairs of his union.

Thus, the local union refused to fulfill its duty to disclose and the international union has not responded to plaintiff's appeal to it which was forwarded to it on 6 February 1978. The reason given for refusal was that, in the words of the letter from the local's secretary dated 5 January 1978, it is "in the best interest of the union that your request be denied. . . ." At the May meeting of the union plaintiff was advised that he "did not have the right to review" the records. It was indicated that the refusal was based on advice from the defendant international union.

None of the above facts are disputed. Though defendants filed a brief in opposition to plaintiff's motion for summary judgment, no affidavits or exhibits were filed which in any way cast doubt on the accuracy and truthfulness of plaintiff's affidavits and exhibits. Unverified and partially illegible exhibits attached to defendants' brief indicate that the reserve fund was transferred to the general fund not because the general fund was depleted through unwise or improper expenditures, but merely to comply with defendants' view of the law. Accepting this claim as true, such fact in nowise relieves the union of its duty to

permit members to examine books, records and accounts of the union necessary to verify the union's annual report. If the union officials are correct in their position, the inspection will verify their rectitude. If they are incorrect, the inspection may reveal ineptitude on their part. Purely and simply, that is what the statute intends.

■ The defendants state in their brief that plaintiff's real purpose is to harass the union. Defendant unions, in their brief, apparently base this claim upon the fact that plaintiff is a member of a "group of dissidents" within the union. Though defendants propose to prove this fact at trial, such proof would not bar plaintiff's right of inspection since the mere fact that he is a dissident seeking to overthrow the established union leadership would give him just cause to inspect the financial records of the union. To hold to the contrary would serve to limit rather than to expand union democracy. Congress never intended such a result.

Moreover, harassment, in order to be a bar, must in the words of *Fruit & Vegetable Packers & Warehousemen Local 760 v. Morley*, 378 F.2d 738, 743 (9th Cir. 1967) be "continuous and undue harassment." Though in brief harassment is mentioned, when confronted with a motion for summary judgment with fully supporting exhibits, admissions, and affidavits, defendants signally failed to raise the defense of harassment on oath.

■ The only element of plaintiff's case which defendants seriously contest in their brief in opposition is the question of just cause. They argue that since plaintiff, "has alleged no breach of the union officials' fiduciary obligations, or . . . any violation of the Local or National Unions' Constitution and Bylaws," plaintiff has no just cause to examine the books and records. *Fruit & Vegetable Packers & Warehousemen Local 706*, 378 F.2d at 744, teaches that the "standard for determining whether there was just cause is necessarily minimal." It is sufficient if a "reasonable union member would be put to further inquiry." Where "reason would require substantiation" just cause exists.

Here the union itself acknowledges that the transfer of the reserve fund to the general fund requires substantiation. They have given as substantiation that the law required it. Plaintiff is not satisfied with that substantiation and requests the union officials to fulfill their duty to him and permit him to inspect the books for the purpose of verification. His right to do so cannot be questioned and defendants' refusal to permit him to do so is at complete variance with their statutory duty to the membership. In the words of Judge Barnes in *Fruit & Vegetable Packers & Warehousemen Local 760*, 378 F.2d at 743–44:

> The officer is not the owner or monarch of the union. He is a trustee, a servant of the members' interests. The union property, though entrusted to an officer's possession, belongs to the members. It is an abnegation of the officer's position of high trust and solemn responsibility to disdainfully neglect an application of this kind from a member, unless convinced it was absolutely without basis or merit.

This statute, 29 U.S.C. § 431(c), was passed by the Congress of the United States almost 20 years ago. It is shocking that even today, union officials, with no excuse except that plaintiff is among the "outs" and they are among the "ins," would callously disregard the clear mandate of Congress intended to promote the welfare and best interests of labor unions.

An order will be entered granting summary judgment and directing immediate compliance with the officials' duty to permit inspection. Counsel fees and costs will be granted upon appropriate application.